1  Edwin Aiwazian (Cal State Bar No. 232943)
      *edwin@calljustice.com*
2  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
3  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
4
   *Attorneys for* Plaintiff
5

6               **UNITED STATES DISTRICT COURT**
7              **NORTHERN DISTRICT OF CALIFORNIA**

8  ALEIDA MIRANDA, individually, and on          Case No.:   3:22-cv-03633-WHA
   behalf of other members of the general public
9  similarly situated and on behalf of other     **FIRST AMENDED CLASS ACTION**
   aggrieved employees pursuant to the           **COMPLAINT FOR DAMAGES &**
10 California Private Attorneys General Act;      **ENFORCEMENT UNDER THE PRIVATE**
                                                  **ATTORNEYS GENERAL ACT,**
11              Plaintiff,                        **CALIFORNIA LABOR CODE**
                                                  **§ 2698, ET SEQ.**
12      vs.
                                                  (1)  Violation of California Labor Code
13 AMERICAN NATIONAL RED CROSS, an                     §§ 510 and 1198 (Unpaid
   unknown business entity; and DOES 1                 Overtime);
14 through 100, inclusive,                        (2)  Violation of California Labor Code
                                                       §§ 226.7 and 512(a) (Unpaid Meal
15              Defendants.                             Period Premiums);
                                                  (3)  Violation of California Labor Code
16                                                     § 226.7 (Unpaid Rest Period
                                                       Premiums);
17                                                (4)  Violation of California Labor Code
                                                       §§ 1194, 1197, and 1197.1 (Unpaid
18                                                     Minimum Wages);
                                                  (5)  Violation of California Labor Code
19                                                     §§ 201 and 202 (Final Wages Not
                                                       Timely Paid);
20                                                (6)  Violation of California Labor Code
                                                       § 204 (Wages Not Timely Paid
21                                                     During Employment);
                                                  (7)  Violation of California Labor Code
22                                                     § 226(a) (Non-Compliant Wage
                                                       Statements);
23                                                (8)  Violation of California Labor Code
                                                       § 1174(d) (Failure To Keep
24                                                     Requisite Payroll Records);
                                                  (9)  Violation of California Labor Code
25                                                     §§ 2800 and 2802 (Unreimbursed
                                                       Business Expenses);
26                                                (10) Violation of California Business &
                                                       Professions Code §§ 17200, et seq.
27                                                (11) Violation of California Labor Code
                                                       § 2698, et seq. (California Labor
28                                                     Code Private Attorneys General

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Act of 2004)

**DEMAND FOR JURY TRIAL**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff ALEIDA MIRANDA ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

**JURISDICTION AND VENUE**

1.     This class action was originally brought pursuant to the California Code of Civil Procedure section 382 in the Superior Court for the County of Alameda.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.     The Superior Court for the County of Alameda has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     The Superior Court for the County of Alameda has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in the Superior Court for the County of Alameda because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Alameda.

**PARTIES**

5.      Plaintiff ALEIDA MIRANDA is an individual residing in the State of California, County of Alameda.

6.      Defendant AMERICAN NATIONAL RED CROSS, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7.      At all relevant times, Defendant AMERICAN NATIONAL RED CROSS was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.      At all times herein relevant, Defendants AMERICAN NATIONAL RED CROSS and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.      Defendant AMERICAN NATIONAL RED CROSS and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.      Plaintiff further alleges that Defendants, directly or indirectly controlled or

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

13.     The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from May 13, 2018 to final judgment and who reside in California.

**Subclass A**: All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

**Subclass B**: All class members who were subject to Defendants' practice of rounding time recorded for purposes of calculating compensation for time worked or for calculating meal periods.

**Subclass C**: All class members who were required by Defendants to stay on Defendants' premises for rest breaks.

14.     Plaintiff reserves the right to establish additional subclasses as appropriate.

15.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

b.      Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.      Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.      Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.      Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.  Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

17.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

18.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

19.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

20.    Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

21.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

a.  The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.  The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

22.  On March 10, 2022, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendant AMERICAN NATIONAL RED CROSS of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff's Notice.

23.  Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, including unpaid wages and premium wages per California Labor Code section 558 against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

## **GENERAL ALLEGATIONS**

24.  At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, County of

1    Alameda.

2          25.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

3    exempt employee, from approximately July 2016 to approximately March 2021, in the State of

4    California, County of Alameda.

5          26.    Defendant hired Plaintiff as a Specialist I, Collections in the State of California,

6    City of Stockton at a rate of pay of $12.21 per hour.  From approximately 2016 until March 2021,

7    Defendant employed Plaintiff as an hourly-paid, non-exempt Specialist I, Collections in the State

8    of California, City of Stockton.  During this time period, Plaintiff's rate of pay ranged from $12.21

9    per hour to $18.35 per hour.

10          27.    Defendants hired Plaintiff and the other class members and classified them as

11    hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and

12    missed meal periods and/or rest breaks.

13          28.    Defendants had the authority to hire and terminate Plaintiff and the other class

14    members, to set work rules and conditions governing Plaintiff's and the other class members'

15    employment, and to supervise their daily employment activities.

16          29.    Defendants exercised sufficient authority over the terms and conditions of

17    Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff

18    and the other class members.

19          30.    Defendants directly hired and paid wages and benefits to Plaintiff and the other

20    class members.

21          31.    Defendants continue to employ hourly-paid or non-exempt employees within the

22    State of California.

23          32.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or

24    forty (40) hours in a week during their employment with Defendants.

25          33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26    engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt

27    employees within the State of California.  This pattern and practice involved, *inter alia*, failing

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

to pay them for all regular and/or overtime wages earned and for missed, short, late, and/or interrupted meal periods and missed, short, late, and/or interrupted rest breaks in violation of California law.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.  Defendant's failure includes, *inter alia*, failing to compensate Plaintiff and the other class members for job duties performed before and/or after their scheduled shifts such as preparing blood donation stations, preparing equipment for blood donations, resolving clerical errors, and performing opening and closing procedures.

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants rounded the work time recorded by Plaintiff and the other class members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiff and the other class members being underpaid for their time worked.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) hour to fourteen (14) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, short, late, and/or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed short, late, and/or interrupted.

42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off the clock performing work duties.

44.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

45.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

46.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the accurate total number of hours worked by Plaintiff and the other class members and the accurate net and gross wages actually earned by Plaintiff and the other class members.

47.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.  Defendants' failure included, *inter alia*, the failure

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    to keep accurate records of the hours worked by Plaintiff and the other class members.

2          48.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

3    knew or should have known that Plaintiff and the other class members were entitled to

4    reimbursement for necessary business-related expenses.

5          49.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6    knew or should have known that they had a duty to compensate Plaintiff and the other class

7    members pursuant to California law, and that Defendants had the financial ability to pay such

8    compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented

9    to Plaintiff and the other class members that they were properly denied wages, all in order to

10   increase Defendants' profits.

11         50.    During the relevant time period, Defendants failed to pay overtime wages to

12   Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class

13   members were required to work more than eight (8) hours per day and/or forty (40) hours per

14   week without overtime compensation for all overtime hours worked.

15         51.    During the relevant time period, Defendants failed to use the shift differential

16   pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the

17   regular rate of pay used to calculate the overtime rate for the payment of overtime wages where

18   Plaintiff and the other class members earned shift differential pay/non-discretionary bonuses/non-

19   discretionary performance pay and overtime wages in the same workweek.

20         52.    During the relevant time period, Defendants rounded the work time recorded by

21   Plaintiff and the other class members in a manner that was not fair and neutral on its face and/or

22   that favored Defendants over time, resulting in Plaintiff and the other class members being

23   underpaid for their time worked.

24         53.    During the relevant time period, Defendants failed to provide all requisite

25   uninterrupted meal and rest periods to Plaintiff and the other class members.

26         54.    During the relevant time period, Defendants required Plaintiff and the other class

27   members to remain on Defendants' premises during purported rest periods, thereby failing to

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1  relieve them of all employer control.

2      55.    During the relevant time period, Defendants failed to pay Plaintiff and the other

3  class members at least minimum wages for all hours worked.

4      56.    During the relevant time period, Defendants failed to pay Plaintiff and the other

5  class members all wages owed to them upon discharge or resignation.

6      57.    During the relevant time period, Defendants failed to pay Plaintiff and the other

7  class members all wages within any time permissible under California law, including, *inter alia*,

8  California Labor Code section 204.

9      58.    During the relevant time period, Defendants failed to provide complete or

10 accurate wage statements to Plaintiff and the other class members.

11     59.    During the relevant time period, Defendants failed to keep complete or accurate

12 payroll records for Plaintiff and the other class members.

13     60.    During the relevant time period, Defendants failed to reimburse Plaintiff and the

14 other class members for all necessary business-related expenses and costs.

15     61.    During the relevant time period, Defendants failed to properly compensate

16 Plaintiff and the other class members pursuant to California law in order to increase Defendants'

17 profits.

18     62.    California Labor Code section 218 states that nothing in Article 1 of the Labor

19 Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due

20 to him [or her] under this article."

21          **FIRST CAUSE OF ACTION**

22       **(Violation of California Labor Code §§ 510 and 1198)**

23   **(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

24     63.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

25 through 62, and each and every part thereof with the same force and effect as though fully set

26 forth herein.

27     64.    California Labor Code section 1198 and the applicable Industrial Welfare

28

14

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

65. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

66. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

67. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

68. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week, including performing work duties off-the-clock at the direction of Defendants, such as preparing blood donation stations, preparing equipment for blood donations, resolving clerical errors, and performing opening and closing procedures.

69. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Plaintiff and the putative class did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

70. Defendants' failure to pay Plaintiff and the other class members the unpaid

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   balance of overtime compensation, as required by California laws, violates the provisions of

2   California Labor Code sections 510 and 1198, and is therefore unlawful.

3       71.    Pursuant to California Labor Code section 1194, Plaintiff and the other class

4   members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

5   attorneys' fees.

6                          **SECOND CAUSE OF ACTION**

7            **(Violation of California Labor Code §§ 226.7 and 512(a))**

8       **(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

9       72.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

10  through 71, and each and every part thereof with the same force and effect as though fully set

11  forth herein.

12      73.    At all relevant times, the IWC Order and California Labor Code sections 226.7

13  and 512(a) were applicable to Plaintiff's and the other class members' employment by

14  Defendants.

15      74.    At all relevant times, California Labor Code section 226.7 provides that no

16  employer shall require an employee to work during any meal or rest period mandated by an

17  applicable order of the California IWC.

18      75.    At all relevant times, the applicable IWC Wage Order and California Labor Code

19  section 512(a) provide that an employer may not require, cause or permit an employee to work

20  for a work period of more than five (5) hours per day without providing the employee with a

21  meal period of not less than thirty (30) minutes, except that if the total work period per day of the

22  employee is no more than six (6) hours, the meal period may be waived by mutual consent of

23  both the employer and employee.

24      76.    At all relevant times, the applicable IWC Wage Order and California Labor Code

25  section 512(a) further provide that an employer may not require, cause or permit an employee

26  to work for a work period of more than ten (10) hours per day without providing the employee

27  with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the

28

total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

77.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted, off-duty meal period of not less than thirty (30) minutes and/or rest period.

78.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

79.    During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, taken late, and/or were interrupted because Defendants required them to perform work duties including, but not limited to, preparing blood donation stations, organizing and conducting blood donations, conducting patient intakes, conducting physical examinations of patients, processing blood donations, preparing blood donations for shipping, and processing patient paperwork.  By way of example, Plaintiff was required to address patient allergic-reactions during her meal breaks, preventing her from taking a full, uninterrupted, timely thirty (30) minute meal break.

80.    As a result, Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting more than five (5) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

81.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

82.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

83.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

84.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)

85.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 84, and each and every part thereof with the same force and effect as though fully set forth herein.

86.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

87.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

88.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as

18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

89.    During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3½) or more hours without authorizing or permitting an off-duty, net ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

90.    During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including, but not limited to, preparing blood donation stations, preparing equipment for blood donations, resolving clerical errors, and performing opening and closing procedures, and Defendants failed to authorize or permit Plaintiff and the other class members or failed to relinquish control over Plaintiff and the other class members' activities in order to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to 1authorize, permit, and provide such rest breaks in the middle of each work period.  By way of example, Plaintiff was required to address patient allergic-reactions during her rest breaks. Often times when Plaintiff was dealing with such issues, she was not authorized or permitted to take a full, uninterrupted, timely and off-duty rest period.

91.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.  For example, throughout her employment with Defendants, although Plaintiff was not authorized and permitted to take full, uninterrupted, off-duty rest periods for each four hours worked, or major fraction thereof, she was not provided with rest period premium payments.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

92.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

93.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

94.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)

95.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

97.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties including, but not limited to, preparing equipment for blood donations, resolving clerical errors, and performing opening and closing procedures.  Plaintiff spent time performing work duties off-the-clock throughout her employment with Defendants.

98.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   those sections Plaintiff and the other class members are entitled to recover the unpaid balance

2   of their minimum wage compensation as well as interest, costs, and attorney's fees, and

3   liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

4   99.   Pursuant to California Labor Code section 1197.1, Plaintiff and the other class

5   members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

6   employee minimum wages, and $250.00 for each subsequent failure to pay each employee

7   minimum wages.

8   100.   Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

9   members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

10  unpaid and interest thereon.

11  ///

12  ///

13  **FIFTH CAUSE OF ACTION**

14  **(Violation of California Labor Code §§ 201 and 202)**

15  **(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

16  101.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

17  through 100, and each and every part thereof with the same force and effect as though fully set

18  forth herein.

19  102.   At all relevant times herein set forth, California Labor Code sections 201 and 202

20  provide that  if an employer discharges an employee, the wages earned and unpaid at the time

21  of discharge are due and payable immediately, and if an employee quits his or her employment,

22  his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

23  unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in

24  which case the employee is entitled to his or her wages at the time of quitting.

25  103.   During the relevant time period, Defendants intentionally and willfully failed to

26  pay Plaintiff and the other class members who were discharged, or who provided at least

27  seventy-two (72) hours' notice of their intention to quit, their wages, earned and unpaid,

28

21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    immediately at the time of their discharge or separation.

2        104.    During the relevant time period, Defendants intentionally and willfully failed to

3    pay Plaintiff and the other class members who are no longer employed by Defendants their

4    wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

5        105.    Plaintiff was not paid at the time of her separation all wages earned and unpaid

6    throughout her employment, including but not limited to, minimum wages and overtime wages

7    for time worked off-the-clock and meal and rest period premium payments for short, late,

8    interrupted, and/or missed meal and rest periods.

9        106.    Defendants' failure to pay Plaintiff and the other class members who are no longer

10    employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their

11    leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

12        107.    California Labor Code section 203 provides that if an employer willfully fails to

13    pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

14    continue as a penalty from the due date thereof at the same rate until paid or until an action is

15    commenced; but the wages shall not continue for more than thirty (30) days.

16        108.    Plaintiff and the other class members are entitled to recover from Defendants the

17    statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

18    pursuant to California Labor Code section 203.

19                             **SIXTH CAUSE OF ACTION**

20                        **(Violation of California Labor Code § 204)**

21            **(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

22        109.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

23    through 108, and each and every part thereof with the same force and effect as though fully set

24    forth herein.

25        110.    At all times herein set forth, California Labor Code section 204 provides that all

26    wages earned by any person in any employment between the 1st and 15th days, inclusive, of any

27    calendar month, other than those wages due upon termination of an employee, are due and

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  payable between the 16th and the 26th day of the month during which the labor was performed.

2  111.   At all times herein set forth, California Labor Code section 204 provides that all

3  wages earned by any person in any employment between the 16th and the last day, inclusive, of

4  any calendar month, other than those wages due upon termination of an employee, are due and

5  payable between the 1st and the 10th day of the following month.

6  112.   At all times herein set forth, California Labor Code section 204 provides that all

7  wages earned for labor in excess of the normal work period shall be paid no later than the payday

8  for the next regular payroll period.

9  113.   During the relevant time period, Defendants intentionally and willfully failed to

10 pay Plaintiff and the other class members all wages due to them, within any time period

11 permissible under California Labor Code section 204.

12 114.   Plaintiff and the other class members are entitled to recover all remedies available

13 for violations of California Labor Code section 204.

14 **SEVENTH CAUSE OF ACTION**

15 **(Violation of California Labor Code § 226(a))**

16 **(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

17 115.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

18 through 114, and each and every part thereof with the same force and effect as though fully set

19 forth herein.

20 116.   At all material times set forth herein, California Labor Code section 226(a)

21 provides that every employer shall furnish each of his or her employees an accurate itemized

22 statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

23 (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid

24 on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of

25 the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

26 dates of the period for which the employee is paid, (7) the name of the employee and his or her

27 social security number, (8) the name and address of the legal entity that is the employer, and (9)

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  all applicable hourly rates in effect during the pay period and the corresponding number of hours

2  worked at each hourly rate by the employee.  The deductions made from payments of wages

3  shall be recorded in ink or other indelible form, properly dated, showing the month, day, and

4  year, and a copy of the statement or a record of the deductions shall be kept on file by the

5  employer for at least three years at the place of employment or at a central location within the

6  State of California.

7      117.    Defendants have intentionally and willfully failed to provide Plaintiff and the

8  other class members with complete and accurate wage statements.  The deficiencies include, but

9  are not limited to: the failure to include the accurate total number of hours worked by Plaintiff

10  and the other class members.  As the employer willfully requiring work to be performed off-the-

11  clock and failing to provide, authorize, and/or permit compliant meal and rest periods or to pay

12  all premium wages owed for such failure, Defendants had the information necessary to provide

13  wage statements that accurately reflected the total number of hours actually worked and the

14  actual gross and net wages earned, yet failed to do so on a systematic basis and instead provided

15  wage statements that did not reflect the time worked off-the-clock or all meal and rest period

16  premiums earned.

17      118.    As a result of Defendants' violation of California Labor Code section 226(a),

18  Plaintiff and the other class members have suffered injury and damage to their statutorily-

19  protected rights.  Because Plaintiff and the putative class members' wage statements did not

20  always reflect the accurate number of hours worked, Plaintiff and the putative class members

21  were unable to determine the total amount of hours they worked, were unable to determine the

22  total amount of compensation they were owed, and were unable to verify they were paid the

23  proper amount.  In order to determine how much Plaintiff and the putative class members should

24  have been paid, Plaintiff and the putative class members would have had to engage in discovery

25  and mathematical computations to reconstruct the missing information.

26      119.    More specifically, Plaintiff and the other class members have been injured by

27  Defendants' intentional and willful violation of California Labor Code section 226(a) because

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  they were denied both their legal right to receive, and their protected interest in receiving,

2  accurate and itemized wage statements pursuant to California Labor Code section 226(a).

3      120.    Plaintiff and the other class members are entitled to recover from Defendants the

4  greater of their actual damages caused by Defendants' failure to comply with California Labor

5  Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

6      121.    Plaintiff and the other class members are also entitled to injunctive relief to ensure

7  compliance with this section, pursuant to California Labor Code section 226(h).

8                          **EIGHTH CAUSE OF ACTION**

9                    **(Violation of California Labor Code § 1174(d))**

10   **(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

11      122.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

12  through 121, and each and every part thereof with the same force and effect as though fully set

13  forth herein.

14      123.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

15  central location in the state or at the plants or establishments at which employees are employed,

16  payroll records showing the hours worked daily by and the wages paid to, and the number of

17  piece-rate units earned by and any applicable piece rate paid to, employees employed at the

18  respective plants or establishments.  These records shall be kept in accordance with rules

19  established for this purpose by the commission, but in any case shall be kept on file for not less

20  than two years.

21      124.    Defendants have intentionally and willfully failed to keep accurate and complete

22  payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other

23  class members.

24      125.    As a result of Defendants' violation of California Labor Code section 1174(d),

25  Plaintiff and the other class members have suffered injury and damage to their statutorily-

26  protected rights.

27      126.    More specifically, Plaintiff and the other class members have been injured by

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Defendants' intentional and willful violation of California Labor Code section 1174(d) because

2    they were denied both their legal right and protected interest, in having available, accurate and

3    complete payroll records pursuant to California Labor Code section 1174(d).

### NINTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

7    127.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

8    through 126, and each and every part thereof with the same force and effect as though fully set

9    forth herein.

10    128.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

11    reimburse its employee for all necessary expenditures incurred by the employee in direct

12    consequence of the discharge of his or her job duties or in direct consequence of his or her

13    obedience to the directions of the employer.

14    129.    Plaintiff and the other class members incurred necessary business-related

15    expenses and costs in direct consequence of the discharge of their job duties or in direct

16    consequence of their obedience to the directions of Defendants throughout the duration of their

17    employment that were not fully reimbursed by Defendants, including but not limited to, the use

18    of personal phones for business-related purposes and incurred costs to purchase clothing in order

19    to comply with Defendants' dress code.

20    130.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

21    other class members for all necessary business-related expenses and costs.

22    131.    Plaintiff and the other class members are entitled to recover from Defendants their

23    business-related expenses and costs incurred during the course and scope of their employment,

24    plus interest accrued from the date on which the employee incurred the necessary expenditures

25    at the same rate as judgments in civil actions in the State of California.

26    ///

27    ///

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)**

132.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 131, and each and every part thereof with the same force and effect as though fully set forth herein.

133.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.    Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

134.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

135.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.    In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.    Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).    Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.    Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.    Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

136.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

137.   Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

138.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against AMERICAN NATIONAL RED CROSS and DOES 1 through 100)

139.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 138, and each and every part thereof with the same force and effect as though fully set forth herein.

140.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

141.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

142.   Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Failure to Pay Overtime

143.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 510 and 1198.

## Failure to Provide Meal Periods

144.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

## Failure to Provide Rest Periods

145.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code section 226.7.

## Failure to Pay Minimum Wages

146.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197 and 1197.1.

## Failure to Timely Pay Wages Upon Termination

147.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

## Failure to Timely Pay Wages During Employment

148.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

## Failure to Provide Complete and Accurate Wage Statements

149.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a

1    violation of California Labor Code section 226(a).

2    **Failure to Keep Complete and Accurate Payroll Records**

3    150.    Defendants' failure to keep complete and accurate payroll records relating to

4    Plaintiff and the other aggrieved employees in accordance with California Labor Code section

5    1174(d) constitutes a violation of California Labor Code section 1174(d).

6    **Failure to Reimburse Necessary Business-Related Expenses and Costs**

7    151.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for

8    necessary business-related expenses and costs in accordance with California Labor Code

9    sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

10    152.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on

11    behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each

12    of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest,

13    attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory

14    penalties against Defendants, and each of them, including but not limited to:

15           a.    Penalties under California Labor Code section 2699 in the amount of a

16                 hundred dollars ($100) for each aggrieved employee per pay period for the

17                 initial violation, and two hundred dollars ($200) for each aggrieved

18                 employee per pay period for each subsequent violation;

19           b.    Penalties under California Code of Regulations Title 8 section 11010, et

20                 seq. in the amount of fifty dollars ($50) for each aggrieved employee per

21                 pay period for the initial violation, and one hundred dollars ($100) for each

22                 aggrieved employee per pay period for each subsequent violation;

23           c.    Penalties under California Labor Code section 210 in addition to, and

24                 entirely independent and apart from, any other penalty provided in the

25                 California Labor Code in the amount of a hundred dollars ($100) for each

26                 aggrieved employee per pay period for the initial violation, and two hundred

27                 dollars ($200) for each aggrieved employee per pay period for each

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    subsequent violation; and

2        d.    Any and all additional penalties and sums as provided by the California

3        Labor Code and/or other statutes.

4    153.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by

5    aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor

6    and Workforce Development Agency for the enforcement of labor laws and education of

7    employers and employees about their rights and responsibilities and twenty-five percent (25%)

8    to the aggrieved employees.

9    154.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and

10    costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable

11    statute.

12    **DEMAND FOR JURY TRIAL**

13    Plaintiff, individually, and on behalf of other members of the general public similarly

14    situated and on behalf of other aggrieved employees pursuant to the California Private Attorney

15    General Act, requests a trial by jury.

16    **PRAYER FOR RELIEF**

17    WHEREFORE, Plaintiff, individually and on behalf of all other members of the general

18    public similarly situated and on behalf of other aggrieved employees pursuant to the California

19    Private Attorney General Act, prays for relief and judgment against Defendants, jointly and

20    severally, as follows:

21    **Class Certification**

22    1.    That this action be certified as a class action;

23    2.    That Plaintiff be appointed as the representative of the Class;

24    3.    That counsel for Plaintiff be appointed as Class Counsel; and

25    4.    That Defendants provide to Class Counsel immediately the names and most

26    current/last known contact information (address, e-mail and telephone numbers) of all class

27    members.

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the First Cause of Action**

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10.     For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13.     For all actual, consequential, and incidental losses and damages, according to proof;

14.     For premium wages pursuant to California Labor Code section 226.7(c);

15.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.     For reasonable attorneys' fees and costs of suit incurred herein;

17.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18.     For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

19.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

20.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.     For all actual, consequential, and incidental losses and damages, according to proof;

22.     For premium wages pursuant to California Labor Code section 226.7(c);

23.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

26.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

27.     For general unpaid wages and such general and special damages as may be appropriate;

28.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    29.    For pre-judgment interest on any unpaid compensation from the date such

2    amounts were due;

3    30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4    California Labor Code section 1194(a);

5    31.    For liquidated damages pursuant to California Labor Code section 1194.2;

6    32.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

7    (g); and

8    33.    For such other and further relief as the Court may deem just and proper.

9    **As to the Fifth Cause of Action**

10    34.    That the Court declare, adjudge and decree that Defendants violated California

11    Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

12    time of termination of the employment of Plaintiff and the other class members no longer

13    employed by Defendants;

14    35.    For all actual, consequential, and incidental losses and damages, according to

15    proof;

16    36.    For statutory wage penalties pursuant to California Labor Code section 203 for

17    Plaintiff and the other class members who have left Defendants' employ;

18    37.    For pre-judgment interest on any unpaid compensation from the date such

19    amounts were due;

20    38.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

21    (g); and

22    39.    For such other and further relief as the Court may deem just and proper.

23    **As to the Sixth Cause of Action**

24    40.    That the Court declare, adjudge and decree that Defendants violated California

25    Labor Code section 204 by willfully failing to pay all compensation owed at the time required

26    by California Labor Code section 204 to Plaintiff and the other class members;

27    41.    For all actual, consequential, and incidental losses and damages, according to

28

1 | proof;

2 | 42.     For pre-judgment interest on any unpaid compensation from the date such

3 | amounts were due;

4 | 43.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

5 | (g); and

6 | 44.     For such other and further relief as the Court may deem just and proper.

7 | **As to the Seventh Cause of Action**

8 | 45.     That the Court declare, adjudge and decree that Defendants violated the record

9 | keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

10 | as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

11 | wage statements thereto;

12 | 46.     For actual, consequential and incidental losses and damages, according to proof;

13 | 47.     For statutory penalties pursuant to California Labor Code section 226(e);

14 | 48.     For injunctive relief to ensure compliance with this section, pursuant to California

15 | Labor Code section 226(h);

16 | 49.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

17 | (g); and

18 | 50.     For such other and further relief as the Court may deem just and proper.

19 | **As to the Eighth Cause of Action**

20 | 51.     That the Court declare, adjudge and decree that Defendants violated California

21 | Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

22 | for Plaintiff and the other class members as required by California Labor Code section 1174(d);

23 | 52.     For actual, consequential and incidental losses and damages, according to proof;

24 | 53.     For statutory penalties pursuant to California Labor Code section 1174.5;

25 | 54.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

26 | (g); and

27 | 55.     For such other and further relief as the Court may deem just and proper.

28 |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**As to the Ninth Cause of Action**

56.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

57.    For actual, consequential and incidental losses and damages, according to proof;

58.    For the imposition of civil penalties and/or statutory penalties;

59.    For reasonable attorneys' fees and costs of suit incurred herein;

60.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

61.    For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

62.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

63.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

64.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

65.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

66.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

67.    For such other and further relief as the Court may deem just and proper.

<u>**As to the Eleventh Cause of Action**</u>

68.    For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

69.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 12, 2022                                    **LAWYERS** *for* **JUSTICE, PC**


By: /s/ Edwin Aiwazian
          Edwin Aiwazian
          *Attorneys for* Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE
§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL