UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEIDA MIRANDA,<br><br>          Plaintiff,<br><br>    v.<br><br>AMERICAN NATIONAL RED CROSS,<br><br>          Defendant. | Case No. 22-cv-03633-SK<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT WITHOUT PREJUDICE**<br><br>Regarding Docket No. 65 |

This matter comes before the Court upon consideration of the unopposed motion for preliminary approval of class action and Private Attorneys General Act ("PAGA") settlement filed by Plaintiff Aleida Miranda ("Plaintiff"). (Dkt. No. 65.) This Court has subject matter jurisdiction under 28 U.S.C. § 1441(a) and 36 U.S.C. § 300105(a)(5), and both parties have consented to magistrate judge jurisdiction. (Dkt. No. 16.) The Court finds this matter suitable for disposition without oral argument and VACATES the June 16, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court DENIES the motion without prejudice.

**BACKGROUND**

Plaintiff originally filed this action in state court on May 13, 2022, alleging wage and hour and PAGA claims against Defendant American National Red Cross ("Defendant"). (Dkt. No. 1-2, p. 4.) Defendant removed the action to federal court on June 21, 2022. (Dkt. No. 1.) Over the next year, the parties fully briefed two motions to dismiss, and Class Counsel conducted "significant investigation and informal discovery." (Dkt. No. 65-1, ¶¶ 5-18, 38.) On June 8, 2023, the parties engaged in settlement negotiations conducted by a private mediator. (Dkt. No. 65-1, ¶ 37.) On June 20, 2023, the parties accepted a mediator's proposal to settle the action. (Dkt. No. 42.) The parties signed the "Joint Stipulation of Class Action and PAGA Settlement and Release of Claims" (the "Proposed Settlement") in March 2025. (Dkt. No. 65-1, Ex. 2, pp. 64-65.)

Plaintiff filed the instant motion for preliminary approval of class action and PAGA settlement on April 15, 2025. (Dkt. No. 65.)

## ANALYSIS

### A. Applicable Legal Standard on Motion for Preliminary Approval of Class Action Settlement.

Federal Rule of Civil Procedure 23(e)(1) governs preliminary approval of class action settlements. "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. Proc. 23(e)(1)(B). Preliminary approval is appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

The parties are obliged to provide the court with sufficient information to make this determination. Fed. R. Civ. Proc. 23(e)(1)(A). This district court has issued Procedural Guidance for Class Action Settlements ("Guidance") detailing the information required to support a motion for preliminary approval. United States District Court, Northern District of California, Procedural Guidance for Class Action Settlements ("Guidance") (Sep. 5, 2024) https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/. A party moving for approval of a class action settlement must comply with this Guidance, where, as here, the Guidance does not conflict with an order of the presiding judge. *Id.* A movant's failure to address the issues discussed in the Guidance is a proper ground for denying its motion. *Id.* ("Failure to address the issues discussed below may result in unnecessary delay or denial of approval."); *see also Bakhtiar v. Info. Res., Inc.*, No. 17-CV-04559-JST, 2020 WL 11421997, at *8 (N.D. Cal. Jan. 30, 2020).

///

///

2

**B.     Applicable Legal Standard on Motion for Preliminary Approval of PAGA Settlement.**

PAGA requires court approval of settlements, but "does not provide express guidance about the scope or nature of judicial review." *Oliveira v. Language Line Servs., Inc.*, 767 F.Supp.3d 984, 1000 (N.D. Cal. 2025). District courts generally approve PAGA settlements when they (1) meet the requirements set out in the PAGA statute, *id.*, and (2) are "'fundamentally fair, reasonable, and adequate' with reference to the public policies underlying the PAGA," *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (citing California Labor and Workforce Development Agency's Comments on Proposed PAGA Settlement). *See also e.g., Kulik v. NMCI Med. Clinic Inc.*, No. 21-CV-03495-BLF, 2023 WL 2503539, at *4 (N.D. Cal. Mar. 13, 2023).

**C.     Plaintiff's Motion.**

The Proposed Settlement contains numerous "obvious deficiencies." *See In re Tableware*, 484 F. Supp. 2d at 1079. In addition, Plaintiff's motion for preliminary approval does not comply with the Guidance, and Plaintiff has not provided the Court with sufficient information to determine whether the Proposed Settlement appears fair. *See* 23(e)(1)(A); *Bakhtiar*, 2020 WL 11421997, at *8. In particular, the Court notes the following deficiencies:

1. <u>Released Claims.</u> "Courts in this district routinely reject proposed class action settlement agreements that try to release all claims in a wage-and-hour case relating to compensation as overbroad and improper." *Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2016 WL 4073336, at *9 (N.D. Cal. Aug. 1, 2016) (gathering cases). Here, the Proposed Settlement releases "any and all claims under state, federal, or local law, arising out of the claims pled in the Action or that could have been pled in the Action and all other claims . . . that could have been asserted based on the facts pled or that could have been pled in the Action . . . ." (Dkt. No. 65-1, Ex. 2, ¶ 36.) Plaintiff has provided no explanation for why the release extends beyond the allegations pled in this action. *See Terry v. Hoovestol, Inc.*, No. 16-CV-05183-JST, 2018 WL 4283420, at *5 (N.D. Cal. Sept. 7, 2018) (rejecting release of "all known and unknown state law claims that were alleged or that could have been alleged based on the facts of the complaints filed in the matter" as overbroad). The release is thus overbroad.

3

2. <u>The Amount Offered in Settlement.</u>  The Guidance instructs class counsel to "provide information about comparable cases, including settlements and litigation outcomes." Guidance § 11.  Class counsel is required to provide specific information in easy-to-read charts. *Id.*  Here, Class Counsel has not offered any information about comparable cases.

3. <u>Attorneys' Fees.</u>  While the attorneys' fees award is not finally determined at the preliminary approval stage, the proposed fee award gives the Court some cause for concern.  "[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award," but may depart from that benchmark based on "adequate explanation" of any "special circumstances." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citation omitted).  In addition, the Guidance instructs class counsel to "include information about . . . their lodestar calculation in the motion for preliminary approval" – i.e., "the total number of hours billed to date and the requested multiplier, if any." Guidance § 6.  Here, the Proposed Settlement provides for attorneys' fees of up to 35%, but Class Counsel does not point to any special circumstances justifying such a departure from the benchmark. (Dkt. No. 65, p. 25.)  Class Counsel cites to cases predating *Bluetooth* in support of such a large award, which are no longer persuasive. (*Id.*)  In addition, Class Counsel has not provided the Court with a lodestar calculation as required by the Guidance.  Class Counsel's "disproportionate distribution of the settlement," absent support justifying such an award, could be a "subtle sign[]" of collusion. *Bluetooth*, 654 F.3d at 947.

4. <u>Proposed Notice.</u>  The class notice must include "[t]he address for a website, maintained by the claims administrator or class counsel, that lists key deadlines and has links to the notice, claim form (if any), preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case." Guidance § 6(b).  The Proposed Notice does not include a website. (Dkt. No. 65-3.)  Thus, class members could only access this information by travelling to the courthouse in San Francisco, California or paying a fee to access PACER. (*Id.*)  "Class members should not have to travel to the Court or pay a fee to review the information necessary to make an informed choice as to whether to opt out of the class, absent some compelling explanation from Plaintiff why that is necessary in this case." *Haralson v. U.S.*

4

*Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 975 (N.D. Cal. 2019). The Proposed Notice is also missing a "note to advise class members to check the settlement website or the Court's PACER site to confirm that the date has not been changed." Guidance § 3(e).

     5. <u>Notice Distribution Plan.</u> "The parties should explain how the notice distribution plan is effective." Guidance § 3. The Guidance encourages class counsel to consider multiple forms of notice, such as text messages, email, and social media. *Id.* "If U.S. mail is part of the notice distribution plan, the notice envelope should be designed to enhance the chance that it will be opened." *Id.* Here, the parties rely exclusively on mail, relying on a 1974 case to support the contention that mail is the "best notice practicable." (Dkt. No. 65, p. 30 (citing *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974).) While mail may have been the best notice practicable in 1974, "technological change since 1974 has introduced other means of communication that may sometimes provide a reliable additional or alternative method for giving notice." Fed. R. Civ. Proc. 23 advisory committee's note to 2018 amendments. While mail may very well be the best notice practicable, Class Counsel must explore other modes of communication and class members' likely access to such communications (i.e., whether most class members have permanent addresses). Plaintiff's motion also does not include a sample envelope or explain how the envelope will be designed to enhance the chance that it will be opened. In addition, Plaintiff does not provide any information regarding steps the proposed administrator will take to ensure the mailing addresses are current before the notices are mailed out. As it stands, the Court is not confident that the notice distribution plan will effectively reach class members.

     6. <u>Opt-Out Procedures.</u> The opt-out process "should require only the information needed to opt out of the settlement and no extraneous information or hurdles." Guidance § 4. Generally, a class member need only submit their (1) name, (2) statement that they wish to be excluded from the settlement class, and (3) signature. *Haralson*, 383 F. Supp. 3d at 975-76. Here, class members wishing to opt-out must provide additional information, such as their social security numbers. (Dkt. No. 65-3, ¶ 9.) Plaintiff's motion provides no explanation of why such information is necessary. In addition, any class member who wishes to opt out must do so within 45 days of the notice's mailing date, subject to extensions if the notice is re-mailed. (*Id.* at ¶¶ 11-12.) A 45-day

5

time frame to opt out after the notice is mailed is too short. *Livingston v. MiTAC Digital Corp.*, No. 18-CV-05993-JST, 2019 WL 8504695, at *6 (N.D. Cal. Dec. 4, 2019) (gathering cases). If the parties seek preliminary approval of a new settlement, they should allocate a minimum of 60 days to opt out.

7. <u>Objection Procedures.</u>  "The notice should instruct class members who wish to object to the settlement to send their written objections only to the court." Guidance § 5. Here, the Proposed Notice improperly instructs class members to submit objections to the Settlement Administrator, rather than to the Court. (Dkt. No. 65-3, ¶ 10.) In addition, the Proposed Notice does not "make clear that the court can only approve or deny the settlement and cannot change the terms of the settlement" as required under the Guidance. Guidance § 5. For the reasons explained in the opt-out procedures section, the parties should have at least 60 days to object to the settlement.

8. <u>Settlement Administrator.</u>  "The parties are expected to get multiple competing bids from potential settlement administrators" and to provide specific information, including details of the settlement administrator selection process and the settlement administrator's procedures for securely handling class member data. Guidance § 2. Here, Plaintiff's motion lacks this necessary information and provides no assurance that Phoenix Settlement Administrators was selected through a competitive bidding process.

9. <u>PAGA.</u>  A party seeking approval of a PAGA settlement must simultaneously submit the proposed settlement to the California Labor and Workforce Development Agency ("LWDA") to allow it to comment on the settlement. Cal. Lab. Code. § 2699; *Haralson*, 383 F. Supp. 3d at 971. Here, Plaintiff asks the Court to find that it has submitted the Settlement Agreement to the LWDA, (Dkt. No. 65-3, ¶ 15), but Plaintiff has not provided the Court with any evidence that she has done so. In addition, the declaration does not contain sufficient information for the Court to determine whether statutory penalties were properly calculated. In particular, Class Counsel does not explain how it arrived at the $1,950 multiplier for PAGA penalties or whether subsequent violations were considered. *See Cole v. Lane Bryant, Inc.*, No. 22-CV-06714-PCP, 2025 WL 823268, at *3 (N.D. Cal. Feb. 10, 2025) (denying preliminary settlement approval where parties

did not include the subsequent violation penalty in their calculation of potential value).

10. <u>Class Certification</u>.  The parties' stipulation of class certification is contingent on the Court's approval of the settlement. (Dkt. No. 65-1, p. 40.) As the Court is denying preliminary approval of the settlement, it declines to address the issue of class certification at this time.

In sum, the parties have failed to provide the necessary showing under Rule 23(e)(1)(B), and the motion for preliminary approval is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE the motion for preliminary settlement approval.  The Court sets a further case management conference on October 6, 2025.  The parties shall file an updated joint case management statement by no later than September 29, 2025.  The Court will vacate the October 6, 2025 case management conference if a revised motion for preliminary approval has been filed on or before September 29, 2025.

**IT IS SO ORDERED**.

Dated: June 10, 2025



SALLIE KIM
United States Magistrate Judge

7