1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ALEIDA MIRANDA,                          Case No.  22-cv-03633-SK

8                    Plaintiff,               **ORDER DENYING RENEWED
                                              MOTION FOR PRELIMINARY**
9         v.                                  **APPROVAL OF CLASS ACTION AND
                                              PAGA SETTLEMENT**
10   AMERICAN NATIONAL RED CROSS,

11                  Defendant.                Regarding Docket No. 70

12          This matter comes before the Court upon consideration of the unopposed renewed motion

13   for preliminary approval of class action and Private Attorneys General Act ("PAGA") settlement

14   filed by Plaintiff Aleida Miranda ("Plaintiff").  (Dkt. No. 70.)  This Court has subject matter

15   jurisdiction under 28 U.S.C. § 1441(a) and 36 U.S.C. § 300105(a)(5).  Both Plaintiff and

16   Defendant American National Red Cross ("Defendant") (collectively "Parties") have consented to

17   magistrate judge jurisdiction.  (Dkt. No. 16.)   For the reasons stated below, the Court DENIES the

18   motion WITHOUT PREJUDICE.

19                                     **BACKGROUND**

20          As relevant to Plaintiff's renewed motion for preliminary approval, on June 8, 2023, the

21   Parties engaged in settlement negotiations conducted by a private mediator.  (Dkt. No. 65-1, ¶ 37.)

22   On June 20, 2023, the Parties accepted a mediator's proposal to settle the action.  (Dkt. No. 42.)

23   The Parties signed the "Joint Stipulation of Class Action and PAGA Settlement and Release of

24   Claims" (the "Original Settlement Agreement") in March 2025.  (Dkt. No. 65-1, Ex. 2, pp. 64-65.)

25   On April 15, 2025, Plaintiff filed a motion for preliminary approval of class action and PAGA

26   settlement.  (Dkt. No. 65.)  On June 10, 2025, the Court denied Plaintiff's motion without

27   prejudice, allowing Plaintiff to file a revised motion for preliminary approval by September 29,

28   2025.  (Dkt. No. 69.)  The Parties subsequently agreed to and signed Amendment No. 1 to the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Original Settlement Agreement on September 29, 2025.  (Dkt. No. 70-1, Ex. 3, p. 97.)  The

2    Original Settlement Agreement and Amendment No. 1 to Original Settlement Agreement

3    comprise the revised "Proposed Settlement."  (Dkt. Nos. 70, p. 8; 70-1 Exs. 2–3.)  Plaintiff filed

4    the instant renewed motion for preliminary approval of class action and PAGA settlement on

5    September 29, 2025.  (Dkt. No. 70.)

6    ## ANALYSIS

7    **A.    Applicable Legal Standard on Motion for Preliminary Approval of Class Action Settlement.**

8            Federal Rule of Civil Procedure 23(e)(1) governs preliminary approval of class action

9    settlements.  "The court must direct notice in a reasonable manner to all class members who would

10   be bound by the proposal if giving notice is justified by the parties' showing that the court will

11   likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for

12   purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B).  Preliminary approval is

13   appropriate where "the proposed settlement appears to be the product of serious, informed, non-

14   collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

15   treatment to class representatives or segments of the class, and falls within the range of possible

16   approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  The

17   parties are obliged to provide the court with sufficient information to make this determination.

18   Fed. R. Civ. P. 23(e)(1)(A).

19           This district court has issued Procedural Guidance for Class Action Settlements

20   ("Guidance") detailing the information required to support a motion for preliminary approval.

21   United States District Court, Northern District of California, Procedural Guidance for Class

22   Action Settlements ("Guidance") (Sep. 5, 2024) https://cand.uscourts.gov/rules-forms-

23   fees/northern-district-guidelines/procedural-guidance-class-action-settlements.  A party moving

24   for approval of a class action settlement must comply with this Guidance, where, as here, the

25   Guidance does not conflict with an order of the presiding judge.  *See id.*  A movant's failure to

26   address the issues discussed in the Guidance is a proper ground for denying its motion.  *Id.*

27   ("Failure to address the issues discussed below may result in unnecessary delay or denial of

28

approval."); *see also Bakhtiar v. Info. Res., Inc.*, No. 17-CV-04559-JST, 2020 WL 11421997, at *8 (N.D. Cal. Jan. 30, 2020).

**B.    Applicable Legal Standard on Motion for Preliminary Approval of PAGA Settlement.**

PAGA requires court approval of settlements, but "does not provide express guidance about the scope or nature of judicial review." *Oliveira v. Language Line Servs., Inc.*, 767 F.Supp.3d 984, 1000 (N.D. Cal. 2025). District courts generally approve PAGA settlements when they (1) meet the requirements set out in the PAGA statute, *id.*, and (2) are "fundamentally fair, reasonable, and adequate with reference to the public policies underlying the PAGA," *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (citing California Labor and Workforce Development Agency's Comments on Proposed PAGA Settlement) (internal quotation marks omitted); *see also e.g., Kulik v. NMCI Med. Clinic Inc.*, No. 21-CV-03495-BLF, 2023 WL 2503539, at *4 (N.D. Cal. Mar. 13, 2023).

**C.    Plaintiff's Motion.**

The revised Proposed Settlement still contains "obvious deficiencies" and Plaintiff's renewed motion for preliminary approval does not comply with the Guidance. *See In re Tableware*, 484 F. Supp. 2d at 1079; Guidance. In addition, Plaintiff has not provided the Court with sufficient information to determine whether the Proposed Settlement appears fair. *See* 23(e)(1)(A); *Bakhtiar*, 2020 WL 11421997, at *8. In particular, the Court notes the following remaining deficiencies:

1.  Released Claims.

"Courts in this district routinely reject proposed class action settlement agreements that try to release all claims in a wage-and-hour case relating to compensation as overbroad and improper." *Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2016 WL 4073336, at *9 (N.D. Cal. Aug. 1, 2016) (gathering cases). In the Court's order denying Plaintiff's motion for preliminary settlement approval, the Court noted that "Plaintiff has provided no explanation for why the release extends beyond the allegations pled in this action." (Dkt. No. 69, § C (1).)

Here, the revised Proposed Settlement releases "any and all claims under state, federal, or local law, pled in the Operative Complaint or that could have been pled based on the factual

allegations in the Operative Complaint, including but not limited to those under the California Labor Code, Wage Orders, regulations, and/or other provisions of law for…" (Dkt. No. 70-1, Ex. 3, ¶ C). The release remains overbroad because Plaintiff failed to explain why the release extends beyond the allegations pled in this action in its renewed motion. (Dkt. No. 70-1, pp. 24–25, ¶¶ 55–56); *see Terry v. Hoovestol, Inc.*, No. 16-CV-05183-JST, 2018 WL 4283420, at *5 (N.D. Cal. Sept. 7, 2018). The following phrases included in the release, specifically, are overbroad: "any and all claims," "could have been pled," "including but not limited to," and "and/or other provisions of law." *See Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2014 WL 1477630, at *7 (N.D. Cal. Apr. 15, 2014)

In *Otey v. CrowdFlower, Inc.*, the Court found the release of "any and all claims for wage payments that either were raised or could have been raised" overbroad. *Id.* Further, as relevant here, he rejected the use of "including but not limited to" language as overbroad because "the claims itemized in the release are illustrative but not exhaustive." *Id.* Lastly, the Court found the release of claims that went beyond the scope of the allegations in the litigation improper. *Id.* (finding the release of "all matters in law, in equity, in contract, or in tort, or pursuant to statute" unlimited in scope and thus, improper) (internal citation omitted).

2. Attorneys' Fees.

"[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award," but may depart from that benchmark based on "adequate explanation" of any "special circumstances." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citation omitted). Here, Plaintiff fails to adequately explain the "special circumstances" justifying a significant departure—ten percent—from the benchmark. *See id.* In its renewed motion, Class Counsel explained, in general terms, the work it performed to date to justify the ten percent departure from the benchmark. (Dkt. No. 70-1, p. 29, ¶ 65.) Class Counsel also discussed cases in which it was awarded 35% of total settlement amounts in attorneys' fees. (Dkt. No. 70-1, p. 29, ¶¶ 62–63.) Nonetheless, Class Counsel fails to adequately explain why a departure from the Ninth Circuit's 25% benchmark and "California norm of 33%" is warranted in this specific case. *Oliveira*, 767 F.Supp.3d at 1006.

///

1    Even though attorneys' fee requests are not approved until the final settlement approval

2    hearing, the Court requires further explanation.  Indeed, "[t]he initial decision to approve or reject

3    a settlement proposal is committed to the sound discretion of the trial judge."  *Class Plaintiffs v.*

4    *City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (citation omitted).  Courts "must be

5    particularly vigilant not only for explicit collusion, but also for more subtle signs that class

6    counsel have allowed pursuit of their own self-interests and that of certain class members to infect

7    the negotiations."  *Bluetooth*, 654 F.3d at 947.

8         3.    PAGA Penalties.

9    PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state

10   against his or her employer for Labor Code violations committed against the employee and fellow

11   employees, with most of the proceeds of that litigation going to the state."  *Sakkab v. Luxottica*

12   *Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015) (quoting *Iskanian v. CLS Transportation*

13   *Los Angeles, LLC*, 59 Cal. 4th 348, 360 (2014)).  "Notwithstanding any other provision of law or

14   provision of the California Labor Code that provides for a civil penalty to be assessed and

15   collected by the Labor and Workforce Development Agency…", "PAGA provides that the

16   penalties are generally $100 for each aggrieved employee per pay period for the initial violation

17   and $200 per pay period for each *subsequent* violation."  Cal. Lab. Code § 2699(a); *Sakkab*, 803

18   F.3d at 429 (quoting *Iskanian*, 59 Cal. 4th at 379, and citing Cal. Lab. Code § 2699(f)(2))

19   (emphasis added).  In its previous order, the Court noted that it did not have sufficient information

20   to determine how Plaintiff arrived at the $1,950 multiplier for PAGA penalties or whether

21   subsequent violations were considered.  (Dkt. No. 69, § C (9).)

22   Here, in its renewed motion and reiterated at the November 17, 2025 motion hearing,

23   Plaintiff explained that it "valued the PAGA civil penalties using the dollar amount of $1,950 per

24   person, based on the statutorily-delineated penalty amounts under California Labor Code sections

25   558, 226.3, 1197.1, 210, 2699(f), and 1174.5."  (Dkt. No. 70-1, p. 37–38, ¶ 98).  Plaintiff,

26   however, failed to include several subsequent violation penalties and potential additional penalties

27   in its PAGA civil penalty calculation.  Specifically, Plaintiff failed to include subsequent violation

28   penalties for the following claims: a failure to timely pay wages during employment (Cal. Lab.

     Code § 210(a)(2)), timely pay wages upon separation of employment (Cal. Lab. Code §

United States District Court
Northern District of California

2699(f)(2)), and wage statement violations (Cal. Lab. Code § 226.3).  Furthermore, Plaintiff does not include potential additional penalty amounts (or estimates) provided in California Labor Codes 1197.1(a)(2), 558(2), and 210(a)(2).  To illustrate, pursuant to California Labor Code § 210, each subsequent violation to timely pay wages during employment incurs a $200 penalty for each failure to pay each employee *plus* 25 percent of the amount unlawfully withheld.  *See* Cal. Lab. Code § 210(a)(2) (emphasis added).  Plaintiff failed to include both the $200 subsequent violation penalty and the additional 25% penalty in its calculation of the PAGA penalty.

In addition, by failing to include subsequent violation penalty amounts, potential additional penalties, and applying unexplained discounts in its calculation, (Dkt. No. 70-1, p. 23, ¶ j), Plaintiff has artificially lowered the total potential value of the PAGA claim.  *See Cole v. Lane Bryant, Inc.*, No. 22-CV-06714-PCP, 2025 WL 823268, at *3 (N.D. Cal. Feb. 10, 2025) (finding that the parties "artificially lowered the total potential value of the PAGA claim" by not including subsequent violation penalties).  By omitting subsequent violation penalties and additional penalties, the Parties incorrectly estimated Defendant's total potential PAGA exposure.  *See id.* "In this district, courts have raised concerns about settlements of less than 1% of the total value of a PAGA claim."  *Jennings v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2018 WL 4773057, at *9 (N.D. Cal. Oct. 3, 2018) (internal citations omitted).  Because Plaintiff has artificially lowered the total potential value of the PAGA claim, the Court cannot assess whether the settlement amount is less than 1% of the total value of the PAGA claim.

## CONCLUSION

Because "[t]he settlement must stand or fall in its entirety," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted), the Proposed Settlement's deficiencies preclude the Court from approving any other aspect of the settlement. For these reasons, the Court DENIES WITHOUT PREJUDICE the renewed motion for preliminary settlement approval.[1]

///

///

---

[1] The Court will defer ruling on preliminary class certification until the Parties have corrected the identified deficiencies in the Proposed Settlement.

The Court sets a further case management conference for March 23, 2026.  The Parties shall file an updated joint case management statement by no later than March 16, 2026.  The Court will vacate the March 23, 2026 case management conference if a revised motion for preliminary approval has been filed on or before March 16, 2026.

**IT IS SO ORDERED**.

Dated: November 20, 2025



_____
SALLIE KIM
United States Magistrate Judge