UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEIDA MIRANDA,

           Plaintiff,

    v.

AMERICAN NATIONAL RED CROSS,

           Defendant.

Case No.  22-cv-03633-SK

**SUPPLEMENTAL NOTICE OF QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING SUPPLEMENTAL QUESTIONS FOR THE HEARING SCHEDULED ON MAY 11, 2026 at 9:30 A.M. VIA PUBLIC ZOOM WEBINAR.

In addition to the Court's first notice of questions, (Dkt. No. 83), the Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to the questions before the hearing on this motion.  The parties shall be prepared to address the following questions at the hearing:

(1) *This question is directed at both parties*:  **Why do the class and PAGA periods differ?**  (*See* Dkt. No. 75 at p. 9 (defining the class period from May 13, 2018 through February 9, 2024 and the PAGA period from March 10, 2021 through February 9, 2024).)[1]

(2) *This question is directed to Plaintiff*:  To evaluate the adequacy of the relief that a settlement provides, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  "Balancing the class's potential recovery against the amount offered in settlement is 'perhaps the most important factor to consider' in preliminary approval." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 970 (N.D. Cal.

_____

[1] Pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

2019) (quoting *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016)). For all class claims, Plaintiff bases Defendants' maximum exposure on a compromised position. Plaintiff discounts its potential recovery to account for the risks associated with (1) obtaining and maintaining class certification, (2) succeeding on the merits and establishing liability, and (3) proving the extent of damages and obtaining an award thereof. (Dkt. No. 75-1 at pp. 20-23.) Similarly, Plaintiff significantly decreases Defendant's potential PAGA claim exposure through discounts. (*Id.* at p. 24.) "It is unsound to use a compromise position to calculate a defendant's 'maximum' liability on any given claim." *Almanzar v. Home Depot U.S.A., Inc.*, No. 2:20-CV-0699-KJN, 2022 WL 2817435, at *11 (E.D. Cal. July 19, 2022). "[F]or the court to judge the adequacy of the settlement amount, it must be presented with plaintiff's best estimate of all claims' maximum verdict value—not their post-compromised value." *Id.*; *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (describing how the district court compared the proposed settlement to "the best possible outcome for the class").

**What is Defendant's maximum exposure for (1) all class claims and (2) the PAGA claim if litigation were to proceed to a judgment on the merits? Second, how did Plaintiff explain why the proposed discounts were appropriate?**

(3) *This question is directed to Plaintiff*: **How has Plaintiff supplied the Court with "enough information to evaluate the strengths and weaknesses of [her] case"?** *Eddings v. DS Servs. of Am., Inc.*, No. 15-CV-02576-VC, 2016 WL 3390477, at *1 (N.D. Cal. May 20, 2016) Plaintiff appears to solely provide generic statements of various risks inherent to class action, namely, that the Court might deny class certification or that Plaintiff might fail to prove a claim. (Dkt. No. 75-1 at pp. 20-23.) Courts in the Northern District have required more. *See Haralson*, 383 F. Supp. 3d at 971 (denying preliminary approval of a class action and PAGA settlement because the plaintiff failed to articulate "particularized reasons" why the proposed discounts were appropriate); *Hunt v. VEP Healthcare, Inc.*, No. 16-CV-04790-VC, 2017 WL 3608297, at *1 (N.D. Cal. Aug. 22, 2017) ("The motion for preliminary approval makes abstract gestures to the uncertainties of litigation, rather than offering a careful analysis of the claims and the strength or

weakness of any potential defenses."); *Eddings*, 2016 WL 3390477, at *1 ("The plaintiffs list legal issues that this case might present and positions that the defendants might take, but they don't analyze those issues or evaluate the strength or weakness of defendants' positions. A party moving for preliminary approval should cite case law and apply it to explain why each claim or defense in the case is more or less likely to prove meritorious.").

(4) *This question is directed to Plaintiff*: **Has the California Labor and Workforce Development Agency ("LWDA") objected or otherwise responded to the proposed settlement?** *See Almanzar*, 2022 WL 2817435 at *17 (denying a motion for preliminary approval of a class action and PAGA settlement in part because the parties did not indicate whether the LWDA objected or otherwise responded to the proposed settlement) (citing *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1133 (E.D. Cal. 2018); *Mancini v. W. & S. Life Ins. Co.*, 2018 WL 4489590, at *2 (S.D. Cal. Sept. 18, 2018)).

**IT IS SO ORDERED**.

Dated: May 7, 2026

_____

SALLIE KIM
United States Magistrate Judge